Infrassure, Ltd. v. First Mut. Transp. Assurance Co.

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: September 15, 2016     Decided: November 16, 2016)

Docket No. 16-306

- - - - - - - - - - - - - - - - - -x

INFRASSURE, LTD.,

Plaintiff-Counter-Defendant-Appellee,

- v.-

FIRST MUTUAL TRANSPORTATION ASSURANCE COMPANY,

Defendant-Counter-Claimant-Appellant.

- - - - - - - - - - - - - - - - - -x

Before:          JACOBS, LIVINGSTON, Circuit Judges, RAKOFF, District Judge.[*]

Defendant First Mutual Transportation Assurance Company appeals from the judgment of the United States District Court for the Southern District of New

---

[*] The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

York (Daniels, <u>J.</u>), awarding declaratory judgment in favor of plaintiff Infrassure, Ltd., a reinsurance company. Affirmed.

> ALBERT L. WELLS, JR., Covington & Burling LLP, New York, NY (with Jennifer O. Farina and David B. Goodwin on the brief), <u>for Appellant</u>.
>
> WILLIAM B. ADAMS, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (with Jane M. Byrne on the brief), <u>for Appellee</u>.

DENNIS JACOBS, <u>Circuit Judge</u>:

Parties to a facultative reinsurance certificate differ as to which of two arbitration provisions govern the resolution of a dispute that has arisen between them. Arbitration under one provision, set out in the body of the form, states that "[a]ll arbitrators will be disinterested active or former officers of insurance or reinsurance companies." J. App'x at 150. Arbitration under the other provision, introduced by endorsement, does not limit the arbitrators to current or former insurance executives. This difference is evidently of considerable significance to the parties.

First Mutual Transportation Assurance Company ("First Mutual"), the ceding company, sought to compel its reinsurer, Infrassure, Ltd., to submit to arbitration governed by the endorsement. Infrassure initiated this lawsuit in the United States District Court for the Southern District of New York, seeking a declaratory judgment that the arbitration provision contained in the body of the form is controlling. First Mutual's counterclaims requested the district court to find that the endorsement governs the dispute, and to compel Infrassure to submit to arbitration under that provision. The district court held that the form's procedures governed, granted declaratory relief in favor of Infrassure, dismissed First Mutual's counterclaims, and denied the request to compel arbitration.

2

## DISCUSSION

Because we construe the district court's declaratory judgment as a grant of summary judgment, see <u>Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.</u>, 697 F.3d 59, 63-64 (2d Cir. 2012), we review the district court's interpretation of the reinsurance certificate at issue here de novo, see <u>Dormitory Auth. of N.Y. v. Cont'l Cas. Com</u>, 756 F.3d 166, 169 (2d Cir. 2014); <u>Bank of N.Y. Tr. Co. v. Franklin Advisers, Inc.</u>, 726 F.3d 269, 275 (2d Cir. 2013).

The printed body of the certificate, after setting out the declarations and other standard provisions, contains a provision that requires "any dispute arising out of the interpretation, performance or breach of this Certificate" to be submitted to arbitration pursuant to a specified set of rules.  J. App'x at 150.  Infrassure, the reinsurer, stands upon these terms.

First Mutual, the ceding company, contends that the other provision, contained in Endorsement No. 2, must control.  This provision also purports to cover "[a]ny dispute, controversy or claim arising out of or relating to this agreement or the breach, termination or invalidity thereof," and prescribes separate rules governing the arbitration.  J. App'x at 160.  The endorsement is headed "**LONDON ARBITRATION AND GOVERNING LAW (UK AND BERMUDA INSURERS ONLY)**."  J. App'x at 160 (bolding in original).  Since Infrassure, a Swiss company, is neither a United Kingdom insurer nor a Bermuda insurer, it argues that the endorsement is inapplicable on its face.

The salient argument of First Mutual is that the tension between the two competing arbitration clauses is resolved by Paragraph AA (the "Titles Clause"), which states: "The several titles of the various paragraphs of this Certificate (and endorsements . . . attached hereto) are inserted solely for convenience of reference and will not be deemed in any way to limit or affect the provisions to which they relate."  J. App'x at 153.  First Mutual argues that the parenthetical "**(UK AND BERMUDA INSURERS ONLY)**" is part of the endorsement's title, and by operation of the Titles Clause, does not limit the endorsement to insurers of those countries.

3

This is a thin argument, but it requires us to construe wording that apparently has not been construed before, and that is in a contract that may share features with other standard forms and endorsements. Hence, this opinion.

We conclude that the contract is unambiguous. The arbitration clause in the body of the certificate controls: it is not displaced by the endorsement because the endorsement is expressly limited to UK and Bermuda insurers.[1] That limitation is not part of the title itself, though it shares the same line and bolded format. The purpose of the Titles Clause is not to strip away an express indication as to the context in which a particular provision is operative, but to ensure that the text of a provision is not discounted or altered by the words of its heading.

Our reading of the facultative certificate is easily confirmed by consulting other provisions. In some instances, critical clauses would have no meaning at all if the Titles Clause were mechanically applied. For example, Paragraph 14 of the Certificate reads in its entirety:

**14. <u>Program Policy Limits</u>**
Various as per the attached schedule.

J. App'x at 144 (bolding and underlining in original). If we were to apply the Titles Clause to this paragraph in the same way that First Mutual asks us to apply it to Endorsement No. 2, we would be left with the cryptic provision, "Various as per the attached schedule." The heading "**<u>Program Policy Limits</u>**" instructs the reader that the phrase "Various as per the attached schedule" refers to program policy limits, as opposed to some other concern of the reinsurance agreement. Other provisions beside Paragraph 14 likewise would be rendered meaningless if the Titles Clause were applied in the way pressed by First Mutual.

---

[1] Given this conclusion, we also find that the district court correctly dismissed First Mutual's counterclaims and properly declined to compel arbitration under the endorsement's arbitral provisions.

Infrassure argues that even if the endorsement is held to control, certain provisions of the arbitration clause in the body of the certificate should nevertheless be enforced, such as the requirement that all arbitrators be former or current insurance executives. We need not reach this argument, which is just as well for Infrassure.

## CONCLUSION

For the foregoing reasons, and finding no merit in the appellant's other arguments, we AFFIRM the judgment of the district court.