Filed 3/8/23  Classic Auto Repair v. Ida CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| CLASSIC AUTO REPAIR, INC., | B308002 |
| Plaintiff, Cross-defendant and Respondent, | (Los Angeles County Super. Ct. No. 18VECV00335) |
| v. | |
| ZION IDA, as Trustee, etc. | |
| Defendant, Cross-complainant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Law Offices of Mark E. Goodfriend and Mark Goodfriend for Defendant, Cross-complainant and Appellant.

McGarrigle, Kenney & Zampiello, Patrick C. McGarrigle and Michael J. Kenney for Plaintiff, Cross-defendant and Respondent.

After successfully obtaining an order for specific performance of an agreement for the sale and purchase of an auto body shop and the real property upon which it is located, plaintiff and purchaser Classic Auto Repair, Inc. (Classic Auto) obtained an award of attorney fees pursuant to a provision of that agreement. Classic Auto also received an award of the rent that seller Zion Ida collected during the period between the originally scheduled closing date and the date the closing actually occurred by court order (delayed escrow period).

Ida appeals on two grounds. He contends the trial court erred in awarding Classic Auto its attorney fees and the previously collected rent. He argues an addendum to the purchase agreement made each party responsible for its own attorney fees; he also argues he was entitled to legal interest on the amount of the purchase price as compensation for his lost use of that money during the delayed escrow period and that the interest would have offset the rent, resulting in a net recovery to him. We see no error or abuse of discretion and affirm the judgment.

## DISCUSSION

Because Ida did not object to the attorney fees award or raise the issue of an interest offset during the bench trial or the hearing on attorney fees, these issues came before the trial court in Ida's motion for a new trial pursuant to Code of Civil Procedure section 657 and motion to amend and correct the judgment pursuant to section 663[1]. The court denied relief.

---

[1]     Statutory references are to the Code of Civil Procedure.

2

"The authority of a trial court in this state to grant a new trial is established and circumscribed by statute.  [Citation.] Section 657 sets out seven grounds for such a motion[.]" (*Oakland Raiders v. National Football League* (2007) 41 Cal.4th 624, 633 (*Oakland Raiders*).)  When, as here, "the trial court provides a statement of reasons as required by section 657, the appropriate standard of judicial review is one that defers to the trial court's resolution of conflicts in the evidence and inquires only whether the court's decision was an abuse of discretion. [Citations.]"  (*Oakland Raiders,* at p. 636.)

Section 663 is "a remedy to be used when the trial court draws incorrect conclusions of law or renders an erroneous judgment on the basis of uncontroverted evidence."  (*Simac Design, Inc. v. Alciati* (1979) 92 Cal.App.3d 146, 153.)  It is not a vehicle for attacking the trial court's factual findings.  (*Ibid*.)  We review any questions of law raised in the motion de novo.  (See, e.g., *Boling v. Public Employment Relations Board* (2018) 5 Cal.5th 898, 912 ["the application of law to undisputed facts ordinarily presents a legal question that is reviewed de novo.")

A.    *The Attorney Fees Award Was Proper.*

Ida moved for a new trial on the attorney fees award, arguing the trial court had misinterpreted the purchase agreement.  He contended after trial that Paragraph 16 of the original purchase agreement, which awarded attorney fees to the prevailing party in any litigation, was superseded by Paragraph 27 of the addendum, which stated each party was responsible for its own attorney fees.  As the trial court recognized, this claim would necessarily fall under subdivisions (6) or (7) of section 657. Subdivision 6 applies when "the verdict or other decision is against law" while subdivision 7 applies to an "[e]rror in law,

3

occurring at the trial and excepted to by the party making the application." (§ 657, subds. 6 & 7.) Ida's claim could also fall under section 663, which permits amendment and correction of a judgment when there is an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts." (§ 663, subd. 1.)

### 1.    Section 657

The ground that a verdict or decision is "against law" under section 657, subdivision (6) " 'has been sharply limited to situations not covered by other subdivisions of C.C.P. 657' " and, thus is " 'mainly in two situations: (a) an improper verdict [citation]; (b) a defective statement of decision.' " (*Collins v. Sutter Memorial Hospital* (2011) 196 Cal.App.4th 1, 17.) This was a bench trial and so there was no verdict. A defective statement of decision is one which fails to make a finding on a material issue raised by the pleadings. (8 Witkin, Cal. Proc. (6th ed. 2021) Attack on Judgment in Trial Court, § 46; see *Renfer v. Skaggs* (1950) 96 Cal.App.2d 380, 383.)

Neither was the statement of decision defective. Far from claiming in his pleadings that Classic Auto was not entitled to attorney fees, Ida alleged in his cross-complaint that he himself would be entitled to attorney fees pursuant to Paragraph 16 of the original agreement if he prevailed. He also asserted this entitlement in his trial brief. Thus, Ida agreed at trial that Paragraph 16 permitted an award of attorney fees to the prevailing party in litigation.[2] Put differently, Ida did not

---

[2]    Of course, the parties' respective pleadings do not create an independent basis for the recovery of attorney fees. (*Blickman*

contend at trial, as he does now, that Paragraph 16 was superseded by Paragraph 27 of the addendum.  So, the trial court's statement of decision was not defective in failing to make a finding on an issue that was never raised.

Section 657, subdivision (7) requires that an objection or exception be made to any legal error.  It is undisputed Ida did not make an objection before the attorney fee award was made.  Because Ida did not meet the requirements for a new trial pursuant to section 657, we see no abuse of discretion in the trial court's denial of the motion.

  2. <u>Section 663</u>

Section 663 permits the judgment to be amended or corrected when the trial court makes an incorrect conclusion of law.  Interpretation of a written agreement is a question of law for the trial court.  On appeal, it remains a question of law for this court, "unless that interpretation depends upon resolving a conflict in properly admitted extrinsic evidence."  (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal. App. 5th 574, 599.)  There is no such conflict and so we review the trial court's decision de novo.  (See *Lange v. Schilling* (2008) 163 Cal. App.4th 1412, 1416, citing *Leamon v. Krajkiewcz* (2003) 107 Cal.App.4th 424, 431 ["An appellate court reviews a determination of the legal basis for an award of attorney fees independently as a question of law."].)

The trial court denied the motion, finding that Paragraph 16 applied to attorney fees incurred in court proceedings, while Paragraph 27 applied to attorney fees incurred in connection

---

*Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 899.)

with the closing of the transaction. The court found that even without reference to the headings of the paragraphs, the contents and language of each paragraph supported this distinction. The references to attorney fees in Paragraph 16 were all in connection with litigation or similar proceedings, while the reference to attorney fees in Paragraph 27 came at the end of a paragraph specifying responsibility for closing costs such as deed recording and transfer taxes. The court found no conflict between the two paragraphs.

Ida contends the trial court erred in finding the two paragraphs harmonious; he lists various reasons why they conflict and why Paragraph 27 should control.

We have reviewed the purchase agreement and reach the same conclusion as the trial court: there is no conflict between the two paragraphs. The various rules cited by Ida for resolving conflicts are therefore inapplicable.

The purchase agreement provides: "16. Attorneys' Fees. [¶] If any Party or Broker brings an action or proceeding (including arbitration) involving the Property, whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees and costs. Such fees may be awarded in the same suit or received in a separate suit, whether or not such action or proceeding is pursued to decision or judgment. The term 'Prevailing Party' shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party or Broker of its claim or defense. The attorneys' fees award shall not be computed in accordance

6

with any court fee schedule, but shall be such as to fully reimburse all attorneys' fees reasonably incurred."

Paragraph 27 is in the addendum to the agreement. It includes three sections. The second section is headed "Closing Costs" and provides: "Seller will be responsible for: deed preparation, 50% of any transfer taxes and similar charges, 50% of any closing fees, and all other costs to be set forth in the Definitive Agreement. Purchaser will be responsible for: recording the deed, 50% of any transfer taxes and similar charges, 50% of any closing fees and all other costs to be set forth in the Definitive Agreement. Each party will be responsible for their own attorney's fees."

Ida contends that the provisions of the initial agreement preclude us from considering the heading of the two sections. He points to Paragraph 25 of the purchase agreement which states: "In construing this Agreement, all headings and titles are for the convenience of the Parties only, and shall not be considered a part of this Agreement." While we agree that the provision means that the titles and headings are not controlling or determinative, we question whether it requires us to completely ignore them. We believe headings and titles can provide insight into the parties' intent. (See *Infrassure, Ltd. V. First Mut. Transp. Assur. Co.* (2d Cir. 2016) 842 F.3d 174, 176 ["The purpose of the Titles Clause is not to strip away an express indication as to the context in which a particular provision is operative, but to ensure that the text of a provision is not discounted or altered by the words of its heading."].) Nevertheless, for the sake of argument, we will assume the headings must be ignored.

We look to rules of grammar, which are tools or guides to help courts determine the likely intent of the drafters. (See

7

*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1017.) Generally, a paragraph is defined as a short part of a text dealing with one subject or event or idea.[3] Each of the three sections in Paragraph 27 discuss the responsibilities of the parties in connection with the transfer of title to the property. The first section discusses responsibility for the condition of the property and the third section for title insurance. The second section, at issue here, specifically addresses responsibility for the costs associated with closing a real estate transaction: the preparation and recording of the deed, transfer taxes, and closing fees. By placing the sentence concerning attorney fees in the section allocating closing costs, the parties indicated an intent that the attorney fees allocation provision applies to fees incurred in connection with the closing, just as the other provisions of the paragraph do.

---

[3] A paragraph is "a subdivision of a written composition that consists of one or more sentences, deals with one point or gives the words of one speaker, and begins on a new usually indented line." (Merriam-Webster Dictionary Online (2023) <https://www.merriam-webster.com/dictionary/ paragraph> [as of March 8, 2023], archived at <https://perma.cc/2J4C-MR8S>.) A paragraph is "a part of a piece of writing that usually deals with one subject, that begins on a new line, and that is made up of one or more sentences." (Encyclopedia Britannica Online (2023) <https://www.britannica.com/dictionary/paragraph> [as of March 8, 2023], archived at <https://perma.cc/UF9F-GZAK>.) A paragraph is "a short part of a text, consisting of at least one sentence and beginning on a new line. It usually deals with a single event, description, idea, etc." (Cambridge Dictionary Online (2023) <https://dictionary.cambridge.org/us/dictionary/ english/paragraph> [as of March 8, 2023], archived at <https://perma.cc/WR6B-ELAA>.)

Ida contends the parties were represented by brokers and neither party was represented by counsel at the time the agreement was negotiated, so making each party responsible for its own nonexistent attorney fees would be pointless. Ida has not provided a record cite supporting his claim that the parties were not represented by counsel at closing, and so he has forfeited this fact-based claim. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 (*United Grand*).)

Nonetheless, the absence of attorney involvement in the closing does not render the attorney fees provision pointless. One of the parties might have decided to consult an attorney after the addendum was signed, as to whether the other party had properly prepared or recorded the deed, for example. More broadly, many provisions in many contracts are added to cover contingencies which the parties hope will never occur, and which, in many cases, do not occur. Attorney fees and arbitration provisions are prime examples of this phenomenon: If no dispute arises between the parties those provisions are never used.

In his reply brief, Ida contends that if the addendum were intended to apply only to attorney fees "incurred without litigation and to close the transaction," it would have been superfluous because that would have been the result anyway "[u]nder the 'American Rule.'" We do not ordinarily consider arguments made for the first time in a reply brief. (*United Grand, supra,* 36 Cal.App.5th at p. 158.) Further, it is unclear what point Ida is trying to make as the American Rule applies to attorney fees incurred *in connection with* litigation. (See, e.g., *Trope v. Katz* (1995) 11 Cal.4th 274, 278–279.) We also note briefly that even if not required, addressing the division of

9

attorney fees for closing was prudent to avoid any possible misunderstanding which might arise on this issue.

Finally, Ida contends, again in his reply brief, that even if the addendum only applied to closing costs, it would still have applied to all the attorney fees in the case because those fees "were incurred before escrow closed on July 31, 2020 and in fact served as a credit reducing the purchase price by that amount at the closing." Again, we do not ordinarily consider arguments raised for the first time in a reply brief. Further, Ida has offered no support for the idea that closing costs are commonly (or ever) understood as including litigation costs when a transaction fails to close. Litigation and closing a transaction are two very different activities.

B. *The Trial Court's Denial of Relief on Ida's Loss of Use Claim Was Neither Error nor an Abuse of Discretion.*

Although Ida frequently states in his appellate briefing that the trial court erred in awarding Classic Auto $54,000 in rent, his actual claim is that the trial court should have ordered a new trial to award him interest on the full amount of the purchase price, to compensate him for the loss of use of the purchase money. This, according to Ida, would have exceeded the amount of the rent award, and resulted in a net recovery for him.

Ida characterizes the amount of his loss of use as being readily ascertainable by resort to a simple mathematical process: he claims the court should simply have awarded him statutory interest on the full amount of the purchase price for the delayed escrow period. Ida also contends that if any evidence was lacking in the record, as the court found it was, a new trial should have been ordered.

10

As set out above, the "authority of a trial court in this state to grant a new trial is established and circumscribed by statute. [Citation.]  Section 657 sets out seven grounds for such a motion[.]" (*Oakland Raiders*, *supra*, 41 Cal.4th at p. 633.)  The moving party's failure to raise a claim and offer supporting evidence during the trial of the matter is not among those seven grounds.

In his motion for a new trial, Ida broadly pointed to three statutory grounds: "excessive damages, insufficiency of the evidence to justify the decision, the decision is against law and error in law. C.C.P. § 657(5)-(7)."  This list appears intended to include a reference to section 663 as well.

### 1.      Excessive damages and insufficient evidence

As the trial court emphasized, section 657 expressly provides: "A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision, nor upon the ground of excessive or inadequate damages, *unless after weighing the evidence the court is convinced from the entire record*, including reasonable inferences therefrom, that the court . . . clearly should have reached a different . . . decision." (§ 657, italics added.)  Similarly, a section 663 motion should be granted when the trial court " 'renders an erroneous judgment *upon the facts found by it to exist.*' " (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 799, italics added; see also *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 14 [" 'section 663 is a remedy to be used when a trial court draws incorrect conclusions of law or renders an erroneous judgment on the basis of uncontroverted evidence' "].)

The court found that the only evidence Ida identified on the topic of lost use of the purchase money was the passage of time between the "target" closing date and the actual closing date of the purchase at the price of $1.4 million. Ida does not contend on appeal that the trial court overlooked any evidence.

We see no abuse of discretion. As the court explained, "Significantly, Defendant has no right to interest on the entire purchase price but instead can only claim the net proceeds he would have recovered if the sale had gone forward in December 2017. (*Kassir v. Zahabi* (2008) 164 Cal.App.4th 1352, 1357–1359.) Defendant failed to submit evidence at trial to demonstrate the equity he possessed in the property as of December 2017 or the escrow expenses he would have paid if the real estate transaction had closed as intended. Because there is no evidence of the amount of net sales proceeds that Defendant would have received, the Court cannot calculate the value lost by Defendant because of the delayed escrow. Having no information about the liens and mortgages on the property, the Court cannot conclude that Defendant incurred any monetary loss, since it is possible, like the seller in *Kassir*, that 'the delayed performance has not deprived [Defendant] of the use of any money, so no offset for interest should be ordered.' (*Id*. at p. 1359.)"

We also see no abuse of discretion in the trial court's rejection of Ida's claim to the statutory rate of 10 percent interest on the purchase price. " '[T]the trial court is not required to equate the reasonable value of the use of money with interest at the legal rate.' " (*Kassir v. Zahabi, supra,* 164 Cal.App.4th at p. 1359.) As the trial court correctly pointed out, there is no evidence on the appropriate rate because Ida did not raise his claim at trial.

12

### 2. Verdict against the law

The trial court ruled that the second part of subdivision (6) of section 657 did not provide a basis for a new trial. As we discuss above, this is a very limited ground. Ida's first amended cross-complaint does not seek compensation for loss of use of the purchase money. It sought breach of contract damages for an inability to lease the property and for changes made to the building at Classic Auto's insistence. Ida's trial brief makes the same claim. Although Ida contends on appeal that loss of use would not be damages, but part of an equitable accounting, Ida has not provided a record cite showing he sought an equitable accounting in the trial court before he filed his motion for a new trial. Accordingly, Ida had not shown that the trial court's statement of decision is defective for failing to decide a material issue raised by the pleadings.

### 3. Error in law occurring at trial

The trial court correctly found that subdivision (7) of section 657 requires an objection to the trial court's ruling, which Ida failed to make. The trial court also correctly concluded that even if an objection had been made, there was no error of law because there was no evidence showing the amount of net proceeds Ida would have gained from the sale. We find no abuse of discretion.

13

## DISPOSITION

The judgment is affirmed.  Respondent Classic Auto Repair, Inc. is awarded costs on appeal.

STRATTON, P. J.

We concur:


GRIMES, J.


VIRAMONTES, J.